# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

STEVEN J. VIECZOREK and
HEATHER H. VIECZOREK,

    Plaintiffs,

v.                                          Case No. 3:17-cv-1118-J-32JBT

SHAYAN KHORRAMI and A&P
AUTO SALES,

    Defendants.

## **O R D E R**

This case is before the Court on Plaintiffs Steven and Heather Vieczorek's pro se Motion to Strike Defendants' Answer (Doc. 63), and Defendants Shayan Khorrami and A&P Auto Sales, LLC's Motion for Leave and Extension to File Late Answer (Doc. 68).

After denying Defendants' Motion to Compel Arbitration and Dismiss and/or Abate, the Court ordered Defendants to answer by April 1, 2019. (Doc. 50). Defendants did not answer until May 14, 2019. (Doc. 62). On May 15, 2019, Plaintiffs, who at the time were proceeding pro se, filed a motion to strike Defendants' answer, claiming that they could not "investigate the Defendants['] answers and claims within the small amount of time left in Discovery." (Doc. 63

at 2). And, Plaintiffs argued that they "would be highly prejudiced if [t]he Defendants' [sic] were allowed to renege on their admissions at this late hour." (Id.). Subsequently, the Court ruled on several outstanding motions, appointed lawyers for Plaintiffs, ordered the parties to propose a new schedule, and directed Defendants to respond to the motion to strike. (Doc. 66).

On May 22, 2019, Defendants responded to the motion to strike (Doc. 67), and filed a Motion for Leave and Extension to File Late Answer, (Doc. 68). In both motions, Defendants' counsel explains that the failure to file the answer on time was caused by an inadvertent calendaring issue. (Docs. 67, 68).

Federal Rule of Civil Procedure 6(b)(1)(B) allows the Court to extend the time in which a party must act, after such time has expired, "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination of whether to accept a late filing based on excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993). Excusable neglect is determined by looking at four factors: "the danger of prejudice to the [opposing party], the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[1] Id. "The Supreme

---

[1] Although Pioneer Investment Services involved the interpretation of Bankruptcy Rule 9006(b)(1), its formulation of the excusable neglect standard has

2

Court has explained that excusable neglect can include an 'inadvertent or negligent omission.'" Kirkland v. Guardian Life Ins. Co. of Am., 352 F. App'x 293, 297 (11th Cir. 2009) (quoting Pioneer Inv. Servs., 507 U.S. at 394–95).

Here, Defendants' tardy filing of their answer was the result of excusable neglect. Although Plaintiffs state they will be prejudiced by the late filing, the Court entered an Amended Case Management and Scheduling Order, based on the parties' recommendations, that allows sufficient time to complete discovery. Thus, Plaintiffs' reasoning for being prejudiced is moot.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Strike Defendants' Answer (Doc. 63) is **DENIED**.

2. Defendants' Motion for Leave and Extension to File Late Answer (Doc. 68) is **GRANTED**.

3. The Amended Case Management and Scheduling Order (Doc. 71) continues to govern this case.

---

been utilized in a variety of circumstances. See, e.g., Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 997 (11th Cir. 1997) (applying Pioneer Investment's excusable neglect framework to Federal Rule of Appellate Procedure 4(a)(5)).

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of July, 2019.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Counsel of record